SARTAIN, Judge.
This suit was instituted by plaintiff-appellant, Robert J. Francis, against defendants-appellees, Bogalusa Iron Works, Inc. and its insurer, Rockwood Insurance Co., on a claim for workman’s compensation benefits allegedly due plaintiff as a result of total and permanent disability sustained by him in the course of his employment. The trial judge in his written reasons ruled in favor of defendants dismissing plaintiff’s claim. We affirm.
The record shows that in November of 1972 while attempting to load a manhole cover onto a truck for his employer, Boga-lusa Iron Works, Inc., plaintiff heard a popping noise in his back and began to experience pain shortly thereafter. He consulted his physician, Dr. John Pepe, who diagnosed the injury as a lumbosacral sprain. After comprehensive treatment, Dr. Pepe released plaintiff as able to return to work on January 7, 1973. Plaintiff, however, still complaining of pain in his back and neck, did not return, and as far as the record shows, has never returned to any kind of work.
Defendant insurer submitted a check to plaintiff and his attorney in the amount pf $231,00 but has denied liability for further compensation benefit payments.
The trial judge noted the medical testimony and concluded that the disability *293 plaintiff complains of herein was not related to the accident and dismissed plaintiff’s claim, thus prompting this appeal.
The record before us contains the depositions of four different doctors, all of whom examined plaintiff at various times following his injury.
Dr. John L. Pepe, plaintiffs treating physician, stated he examined plaintiff on the day of the accident, November 28, 1972. The past history of the patient showed that he had broken his left thigh at age eight while attending school. His right hip was fractured at age fourteen, and he again fractured this hip at age eighteen when involved in a truck accident. At that time a plate had to be inserted into the hip.
Following the general examination and subsequent x-rays, Dr. Pepe diagnosed the injury as a lumbosacral sprain. He further noted a pelvic tilt and that the patient’s legs were crooked. When asked about a possible herniated disc, the doctor stated a myelogram would be necessary for such a determination, and none was conducted. He testified further that he saw the patient almost daily up until the time of his discharge, at which time the patient seemed to be making satisfactory progress. He indicated in his report to defendant insurance company that the patient suffered no permanent disability from the incident in question and could return to the same type of work as done before the injury. At the time of the deposition Dr. Pepe stated he had not seen plaintiff since the date of discharge and was thus unaware of his present physical condition.
The deposition of Dr. Michael E. Carey, a specialist in neurology, shows that he examined plaintiff at plaintiff’s counsel’s request on February 23, 1973. As a result of the past history and the physical examination conducted by him, Dr. Carey concluded the patient probably had a cervical osteoarthritic condition with some nerve root impingement which caused pain in the upper extremity.
He further felt there may have been a lumbar disc due to the complaints of back pain radiating down the leg, although neurological findings were negative in this respect. He felt that plaintiff should have a myelogram, that he was disabled at the time and unable to return to work, and that the disability stemmed from the accident. He took no x-rays at the time but advised plaintiff to enter the hospital for further evaluation where x-rays would be taken.
Dr. Louis F. Matta, an orthopedic surgeon, examined plaintiff on March 22, 1973. He had treated the patient on a prior occasion in February of 1969 for injury to his head and neck." The physical examination revealed “pronounced bowing” of the lower extremities, bilateral paraspi-nous musculature spasm involving the low back region, tenderness over the lumbo-sacral interspace and iliolumbar regions, back restricted to fifty percent of its normal motion, and varicosites in the right leg. X-rays of the lumbosacral spine showed osteoarthritic changes throughout the lumbar spine, mainly consisting of “anterior and anterior lateral spur formation involving the vertebral bodies.”
From the above observations Dr. Matta concluded that “this patient had a symptomatic acute lumbosacral sprain superimposed over arthritic changes of the lumbar spine and that the symptoms would probably become chronic.” He stated that by “chronic” he meant that plaintiff would continue to suffer low back pain. He was of the opinion that the pain would be due to the osteoarthritis of the lumbosacral spine, and that the sprain itself would heal. Examination was made for ruptured disc and none was found.
Dr. Matta concluded that the patient was totally and permanently disabled. He agreed that the accident brought about low back pain, but felt it did not aggravate the *294 arthritic changes. He stated that the patient’s condition would, however, prolong the recovery from the lumbosacral sprain. He felt the lumbosacral sprain should resolve itself anywhere from six weeks to five to six months. He further stated that the physical condition of the patient was such that even had there been no back injury, he would render the plaintiff totally and permanently disabled on the basis of his extremities alone.
Dr. Irving Redler, another orthopedic surgeon, examined plaintiff on April 30, 1973. Following a physical examination and x-rays, Dr. Redler concluded that plaintiff suffered from acute back strain. It was his opinion that plaintiff’s complaints of neck pain were not associated with his accident, and that plaintiff’s back pains were due to his pelvis tilt. He stated further that he felt plaintiff could return to work.
It is well settled that the burden of proof rests with the plaintiff in a compensation suit as in any other, and that it is essential that plaintiff prove his case by a preponderance of the evidence. Bailey v. St. Paul Fire & Marine Insurance Co., 268 So.2d 697 (La.App. 1st Cir., 1972), writs refused, 270 So.2d 873, La.
In the present case we are faced with conflicting medical testimony. The treating physician, Dr. Pepe, stated that he felt plaintiff was sufficiently recovered as of January 7, 1973 to return to his former employment. The three specialists who were consulted all expressed differing views. Dr. Carey stated plaintiff was disabled and that this disability could be attributed to plaintiff’s accident. Dr. Matta also felt plaintiff was disabled. However, his finding of disability was based upon conditions suffered by plaintiff prior to his accident. Dr. Redler felt plaintiff had recovered from any disability and could return to work.
On the basis of this testimony, we cannot say that the trial judge committed manifest error in concluding that plaintiff had failed to show by a preponderance of the medical evidence that he was totally and permanently disabled. See Taylor v. Sam Grimmett, Inc., 99 So.2d 365 (La.App. 1st Cir., 1957); Hooper v. Hartford Accident and Indemnity Co., 80 So.2d 891 (La.App. 1st Cir., 1955).
Accordingly, the judgment of the trial court is affirmed with plaintiff cast for all costs of these proceedings.
Affirmed.